## GEORGE E. TEAGUE v. STATE.

No. A-8674.   May 18, 1934.
(32 Pac. [2d] 951.)

Morrison, Morrison & Morrison, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (J. H. Lawson, of counsel), for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of possession of intoxicating liquors, and sentenced to pay a fine of $50 and be imprisoned in the county jail for 30 days.

The record in this case shows the sheriff went to the place of business of the defendant in the town of Okarche, with a search warrant and searched his restaurant, and place of business, and Chevrolet car; as they went into the restaurant a man was sitting at the counter drinking from a bottle; the officer served the search warrant and took the bottle from the man at the counter and drank part of the contents, and also drank a part of the contents of another bottle in the ice box, and in their search they found 72 bottles of what they said was home-brew, and that in their opinion from what they drank of it, it con-

tained 7 or 8 per cent. alcohol. When they went to search the car, they found it locked; they asked for the key and the defendant unlocked the car for them; in the car were some groceries and about nine gallons of corn whisky in half gallon containers.

The defendant offered in evidence Exhibits Nos. 1 and 2, being the return made by the sheriff on the search warrant, showing the officers searched the building and the quantity of home-brew alleged to have been taken by the officers as forty-five pints. This is in substance the testimony.

The defendant has assigned several errors alleged to have been committed by the trial court. The first assignment is, that the court erred in overruling his motion for a new trial. Included in this assignment are all the other questions raised by the defendant.

The defendant urges that his motion to suppress the evidence should have been sustained. After a careful reading of the record, we cannot agree with the defendant's contention. Under the terms of the search warrant they had a right to search the defendant's place of business; and after seeing the man drinking the home-brew, as testified to by the officers, the law was being violated in the presence of the officers and they had a right to arrest the defendant without a warrant and, when they did, they then had the right to search his premises.

After the search had been made in the house, the record shows they went to search the defendant's car and found it locked, and called the defendant's attention to the fact, and he unlocked the car and they searched it and found nine gallons of corn whisky in half gallon containers. The testimony in this case shows conclusively

the guilt of the defendant. The court did not err in overruling his motion to suppress the evidence.

The defendant was accorded a fair and impartial trial, and was fortunate in getting the minimum punishment under the testimony in this case. No errors appear in the record possessing merit. The judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.